**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA MCDERMOTT,<br><br>Plaintiff,<br>v.<br><br>OFFICE BEACON, LLC,<br><br>Defendant. | Case No. 2:26-cv-00826-JLG-SCS<br><br>JUDGE JAMES L. GRAHAM<br><br>MAGISTRATE JUDGE S. COURTER SHIMEALL |

**DEFENDANT OFFICE BEACON, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S PUTATIVE CLASS ACTION COMPLAINT**

By and through counsel and for its answer and defenses to Plaintiff Angela McDermott's putative "Class Action Complaint" [ECF No. 1] (hereinafter, the "Complaint") Defendant Office Beacon, LLC ("Beacon") hereby states:

1. Paragraph 1 of the Complaint alleges legal conclusions requiring no response; the cited Court opinion speaks for itself. To the extent, if at all, that any allegations in paragraph 1 require a response, all such allegations are denied.

2. Beacon admits only so much of paragraph 2 as alleges that Plaintiff purports to assert a cause of action "under the TCPA." For want of knowledge, the remaining allegations in paragraph 2 are denied .

3. Beacon admits only so much of paragraph 3 as alleges that Plaintiff seeks to allege a claim "on behalf of a proposed nationwide class of other persons." The remaining allegations in paragraph 3 are denied.

4. Denied.

5. Beacon denies the allegations in paragraph 5 for want of knowledge.

6. Admitted.

7. Beacon admits only so much of paragraph 7 as alleges that this Court has subject matter jurisdiction over claims alleged under federal law. The remaining allegations in paragraph 7 are denied.

8. Paragraph 8 alleges legal conclusions requiring no response, but which Beacon denies. Beacon lacks knowledge or information sufficient to form a belief regarding whether it called Plaintiff at the phone number alleged in the Complaint, and it therefore denies that allegation. The remaining allegations in paragraph 8 are denied.

9. Paragraph 9 alleges legal conclusions requiring no response, but which Beacon denies. Beacon lacks knowledge or information sufficient to form a belief regarding whether "the telemarketing conduct at issue, were directed into this District," and it therefore denies that allegation. The remaining allegations in paragraph 9 are denied.

10. Paragraph 10 alleges legal conclusions requiring no response; the cited statute speaks for itself. To the extent, if at all, that any allegations in paragraph 10 require a response, all such allegations are denied.

11. Paragraph 11 alleges legal conclusions requiring no response; the cited statute speaks for itself. To the extent, if at all, that any allegations in paragraph 11 require a response, all such allegations are denied.

12. Paragraph 12 alleges legal conclusions requiring no response; the cited statute speaks for itself. To the extent, if at all, that any allegations in paragraph 12 require a response, all such allegations are denied.

13. Paragraph 13 alleges legal conclusions requiring no response, but which Beacon denies. The cited statute speaks for itself.

14. Paragraph 13 alleges legal conclusions requiring no response, but which Beacon denies. The cited statute speaks for itself.

15. Denied.

16. Beacon denies the allegations in paragraph 16 for want of knowledge.

17. Beacon denies the allegations in paragraph 17 for want of knowledge.

18. Beacon denies the allegations in paragraph 18 for want of knowledge.

19. Denied.

20. Denied.

21. Beacon denies the allegations in paragraph 21 for want of knowledge.

22. Beacon denies the allegations in paragraph 22 for want of knowledge.

23. Beacon denies the allegations in paragraph 23 for want of knowledge.

24. Beacon denies the allegations in paragraph 24 for want of knowledge.

25. Denied.

26. Beacon denies the allegations in paragraph 26 for want of knowledge.

27. Denied.

28. Denied.

29. Beacon incorporates all of its responses to all other paragraphs of the Complaint by reference as if fully rewritten and restated herein.

30. Beacon admits only so much of paragraph 30 as alleges that Plaintiff purports to bring this action on behalf of herself and on behalf of a putative class of persons. Beacon denies that the putative class meets any of the requirements of Federal Rule of Civil Procedure 23. The remaining allegations in paragraph 30 are denied.

31. Beacon admits only so much of paragraph 31 as alleges that certain persons should be excluded from the putative class. The remaining allegations in paragraph 31 are denied.

32. Denied.

33. Denied.

34. Beacon admits only so much of paragraph 34 as alleges that Plaintiff seeks the relief prayed for in the Complaint. Beacon specifically denies that Plaintiff is entitled to any of the relief prayed for in the Complaint. The remaining allegations in paragraph 34 are denied.

35. Denied.

36. Beacon denies the allegations in paragraph 36 for want of knowledge.

37. Beacon denies the allegations in paragraph 37 for want of knowledge.

38. Denied.

39. Denied.

40. Denied.

(a) Denied;

(b) Denied;

(c) Denied; and

(d) Denied.

41. Beacon admits only so much of paragraph 41 as alleges that Plaintiff "has retained counsel." Beacon denies the remaining allegations in paragraph 41 for want of knowledge.

42. Denied.

43. Denied.

44. Beacon incorporates all of its foregoing responses to the Complaint's allegations by reference as if fully rewritten and restated herein.

45. Denied.

46. Denied.

47. Paragraph 47 alleges legal conclusions requiring no response, but which Beacon denies. All remaining allegations in paragraph 47 are denied.

48. Beacon admits only so much of paragraph 48 as alleges that Plaintiff "seek[s] injunctive relief." Paragraph 48 also alleges legal conclusions requiring no response, but which Beacon denies. Beacon denies the remaining allegations in paragraph 48.

Beacon denies that Plaintiff or any putative class members are entitled to any of the relief prayed for in subparagraphs A–G of the Complaint's prayer for relief [ECF No. 22, at PageID 7–8].

Beacon denies each and every averment of fact and law that is not expressly admitted above.

## ADDITIONAL DEFENSES

As additional defenses to the allegations in the Complaint [ECF No. 1], Beacon hereby states:

1. The Complaint fails to state a claim upon which relief can be granted, in whole or in part, as to Plaintiff, and as to each putative class member.

2. This Court lacks personal jurisdiction over Beacon.

3. Venue in this Court is improper under 28 U.S.C. § 1391(b).

4. Plaintiff and the putative class members lack standing because they have not suffered a concrete and particularized injury fairly traceable Beacon and redressable by this Court. Plaintiff separately lacks standing to seek injunctive relief because she faces no real or immediate threat of future irreparable injury.

5. Plaintiff's claim fails because the technology alleged to have been used did not deliver a message using an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A).

6. Beacon did not "make" or initiate the call alleged in the Complaint. Any such call was placed by an independent third party that was not acting as Beacon's agent, without actual or apparent authority, outside the scope of any authority conferred, and whose conduct Beacon did not direct, control, authorize, or ratify.

7. Any call at issue was placed with the prior express consent of the called party, which consent had not been revoked at the time of the call.

8. The claims alleged in the Complaint are barred, in whole or in part, to the extent that any call at issue was placed to a telephone number that had been reassigned, and Beacon reasonably relied in good faith on consent previously obtained, and to the extent Plaintiff or any putative class member is not the called party with respect to any call at issue.

9. The claims alleged in the Complaint for treble damages are barred, in whole or in part, because any violation, if any, was not knowing or willful, and because Beacon acted in good faith at all relevant times.

10. The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation, including 28 U.S.C. § 1658.

11. The claims alleged in the Complaint are barred, in whole or in part, because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or 23(b).

12. Any award of aggregated statutory damages would be excessive and unconstitutional.

13. Any injury or damages allegedly sustained, if any, was caused in whole or in part by the acts or omissions of persons or entities other than Beacon for whom Beacon is not legally responsible.

14. The Complaint, and each cause of action and claim for relief asserted therein, is barred, in whole or in part, by the doctrine of waiver.

15. Plaintiff has failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in the Complaint.

16. The damages, if any, alleged in the Complaint were directly and proximately caused, in whole or in part, by the conduct of third parties and/or their agents, employees, servants, and contractors not currently named in the Complaint.

17. Plaintiff's Complaint, and each cause of action and claim for relief asserted, is barred, in whole or in part, by the doctrine of estoppel. Plaintiff's own conduct, statements, and/or omissions preclude them from seeking the relief requested in the Complaint.

18. Plaintiff's Complaint, and each cause of action and claim for relief asserted, is barred, in whole or in part, because Defendant's conduct was proper, lawful, privileged, or otherwise justified, and/or Defendant had a good faith belief in the existence of such a justification.

19. Plaintiff's Complaint, and each cause of action and claim for relief asserted, is barred, in whole or in part, on the grounds of mistake.

20. Plaintiff's Complaint, and each cause of action and claim for relief asserted therein, is barred, in whole or in part, on the grounds that Defendant acted reasonably and in good faith at all times material, based on all facts and circumstances known by them at the time they acted.

21. Beacon respectfully reserves the right to amend this Answer and add such additional parties, claims and/or defenses as may come to light over the course of its investigation, through discovery or otherwise.

WHEREFORE, Beacon respectfully requests that the Court enter judgment in its favor and against Plaintiff on all claim(s) alleged in the putative Class Action Complaint [ECF No. 1], and award Beacon any and all such other or further relief that the Court deems just and proper.

Respectfully submitted,

**GERTSBURG LICATA CO. LPA**

Dated: September 15, 2026.

By: *s/ Maximilian A. Julian*
Maximilian A. Julian (0093728)

600 East Granger Road, Suite 200
Cleveland, Ohio 44131
Telephone: (216) 573-6000
Facsimile: (216) 920-9998
mjulian@gertsburglicata.com

*Trial Attorney for Defendant Office Beacon, LLC*

Han Pai (CA SBN 258928)
*Subject to Admission Pro Hac Vice*
Patty W. Chen (CA SBN 322992)
*Subject to Admission Pro Hac Vice*
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone: (213) 622-9100
han.pai@salisianllp.com
patty.chen@salisianllp.com
*Attorneys for Defendant Office Beacon, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, on September 15, 2026, a copy of Defendant Office Beacon, LLC's Answer and Defenses to Plaintiff's Putative Class Action Complaint was filed through the Court's electronic filing system. Notice of this filing was sent to all registered users of the Court's electronic filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) and S.D. Ohio Civ. R. 5.2(b).

*s/ Maximilian A. Julian*
Maximilian A. Julian (0093728)
GERTSBURG LICATA CO. LPA
600 East Granger Road, Suite 200
Cleveland, Ohio 44131
Telephone: (216) 573-6000
Facsimile: (216) 920-9998
mjulian@gertsburglicata.com