**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANGELA MCDERMOTT ,**

**Plaintiff,**

**v.**

**OFFICE BEACON, LLC ,**

**Defendant.**

**Civil Action 2:26-cv-00826-JLG-SCS**
**Judge James L. Graham**
**Magistrate Judge S. Courter Shimeall**

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on September 23, 2026 and was attended by:

Anthony Paronich ____________, counsel for plaintiff(s)____________,

____________, counsel for plaintiff(s)____________,

Maximilian Julian ____________, counsel for defendant Office Beacon LLC________,

____________, counsel for defendant(s)____________,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes X No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

X Yes _____No _____The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by October 23, 2026 .

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

X____Yes ______No

If yes, describe the issue: Defendant has asserted and reserves its defenses that Plaintiff lacks standing (including standing to seek injunctive relief), that the Court lacks personal jurisdiction over Defendant, and that venue is improper (Answer, ECF No. 11, Additional Defenses Nos. 2–4). Defendant does not request a separate deadline for a motion directed to these defenses at this time.

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by __________.

4. PARTIES AND PLEADINGS

a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by December 15, 2026.

b. If the case is a class action, the parties agree that the motion for class certification shall be filed by June 18, 2027.

5. MOTIONS

a. Are there any pending motion(s)?

______Yes X____No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

b. Are the parties requesting expedited briefing on the pending motion(s)?

______Yes X____No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff Angela McDermott brings this putative nationwide class action against Defendant

Office Beacon, LLC under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant placed calls to cellular telephone numbers using an artificial or prerecorded voice without the recipients' prior express consent. Specifically, Plaintiff alleges that, on May 19, 2026, Defendant called her cellular telephone number from (424) 421-5172 and allegedly left an artificial or prerecorded message from an individual identifying herself as "Vivian from Office Beacon." Plaintiff alleges that she never provided her telephone number to Defendant, never consented to receive the call, and that the call was intended for someone other than Plaintiff.

Plaintiff asserts a claim under 47 U.S.C. § 227(b) individually and on behalf of a proposed nationwide class of persons to whom Defendant allegedly placed calls using an artificial or prerecorded voice to cellular telephone numbers that were not assigned to Defendant's customer or accountholder. Plaintiff seeks certification of the proposed Class, statutory damages and injunctive relief. Plaintiff demands a jury trial.

Defendant denies wrongdoing and liability, and denies that this action may be maintained as a class action.

7. DISCOVERY PROCEDURES

a. The parties agree that all discovery shall be completed by April 30, 2027. The parties to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

b. Do the parties anticipate the production of ESI? X____Yes_______No

If yes, describe the protocol for such production:

The parties will draft an ESI protocol, if necessary, once discovery requests are issued.

c. Do the parties intend to seek a protective order or clawback agreement? X Yes___No

If yes, such order or agreement shall be produced to the Court by October 20, 2026______.

8. DISPOSITIVE MOTIONS

a. Any dispositive motions shall be filed by August 20, 2027 .

b. Are the parties requesting expedited briefing on dispositive motions?

_____Yes X___No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

9. EXPERT TESTIMONY

a. Primary expert reports must be produced by Plaintiff on or before February 5, 2027, and by Defendant on or before March 5, 2027.

b. Rebuttal expert reports must be produced by April 2, 2027.

10. SETTLEMENT

Plaintiff(s) will a make a settlement demand by December 18, 2026 (Defendant's proposal) or May 14, 2027 (Plaintiff's proposal) Defendant will respond by January 8, 2027 (Defendant's proposal) or May 28, 2027 (Plaintiff's proposal). The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year: February 2027 (Defendant's proposal) or June 2027 (Plaintiff's proposal)

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

X Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place ___________ in chambers X by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. OTHER MATTERS

Indicate any other matters for the Court's consideration:

(a) Class action deadlines (S.D. Ohio Civ. R. 23.3). The parties propose that discovery relevant to the class allegations be completed by April 30, 2027, that the motion for class certification be filed by June 18, 2027 (see Item 4(b)), and that the class action determination be made on or about October 29, 2027, or as soon thereafter as the Court's schedule permits.

(b) Phased discovery (Fed. R. Civ. P. 26(f)(3)(B)).

Defendant's Position on the Phasing of Discovery.

The parties disagree about whether discovery should proceed concurrently or in phases. The April 30, 2027 discovery cutoff, June 18, 2027 deadline to file the class certification motion, October 29, 2027 date to make class action determinations, August 20, 2027 to file dispositive motions, and expert disclosure dates appearing earlier in this form reflect the proposed concurrent discovery schedule. Defendant does not agree that those dates would govern if the Court adopts phased discovery. Defendant requests that the Court address sequencing at the Rule 16 conference, or alternatively a briefing schedule to address sequencing, and, if it adopts phasing, set corresponding class-discovery, certification, expert, and remaining dispositive-motion dates in the scheduling order or at a prompt Phase 1 status conference. The parties submit the dates stated above as their current proposed class-action dates for the Court's consideration, subject to modification if discovery is phased.

Defendant requests that class wide discovery remain deferred while any such motion is pending, including Plaintiff's discovery requests served on September 24, 2026, failing which Defendant will file a motion for protective order under FRCP 26(c). Defendant proposes that discovery proceed in two phases. Phase 1, to be completed by January 29, 2027, would be limited to (i) Plaintiff's individual claim, including the call(s) allegedly placed to her telephone number, the alleged status and subscriber of that number, and any consent or lead source information, and (ii) the technology used to place and deliver the call(s) at issue. Any dispositive motion directed to those issues would be filed by February 26, 2027, and class discovery would commence only upon resolution of such a motion in Plaintiff's favor. If no motion is filed or Plaintiff's claim survives, Defendant requests a status conference to establish the Phase 2 schedule, including without limitation, resetting the deadlines in Items 4(b), 7(a), 8(a), and 9.

Plaintiff's opposition overstates the overlap between the individual and class issues and misreads the effect of Defendant's proposal. Phasing is a routine case management tool under Rules 16(b) and 26(d), Rule 26(b)(1) requires that discovery be proportional to the needs of the case, and Rule 23(c)(1)(A) calls for a class determination "at an early practicable time." The Manual for Complex Litigation (Fourth) § 21.14 likewise recognizes that courts may structure discovery in stages so that threshold issues are resolved before broader class discovery. Phase 1 is limited to what happened with one telephone number: whether Defendant called Plaintiff, who subscribed to and used the number, whether Plaintiff or the prior subscriber consented, how any lead was sourced, and what technology was used to place and deliver the call(s). Each issue bears directly on whether Plaintiff has a viable claim at all, and the technology question is especially significant after Facebook, Inc. v. Duguid, 592 U.S. 395 (2021), which narrowed the statutory definition of an automatic telephone dialing system. If Plaintiff cannot establish a viable individual claim, she cannot be a typical or adequate class representative under Rule 23(a), and the parties and the Court will have been spared nationwide class discovery that served no purpose. Defendant does not dispute that its calling technology is relevant to both phases, which is why that subject is expressly included in Phase 1 and will not be repeated. What Plaintiff seeks for the class phase is different in kind: class wide call and dial records, data on every campaign and vendor, consent records for unrelated recipients, third party and carrier discovery, and Rule 30(b)(6) testimony on company policies. None of that is needed to decide whether this Plaintiff received a call, from whom, and with what consent, and the line between the phases is workable because Phase 1 is defined by Plaintiff's own number and the specific call(s) alleged. Opening class wide discovery at the outset would require Defendant to collect and produce call data, vendor records, and policy information on a national scale, and to prepare Rule 30(b)(6) witnesses, before anyone

knows whether the individual claim can proceed. That burden is disproportionate where the threshold issues can be resolved on a limited record in a matter of months. Plaintiff's alternative, in which the parties raise "proportionality, burden, confidentiality, or sequencing issues as they arise," invites the very motion practice Plaintiff says it wants to avoid, and does so after the burden has been incurred.

Plaintiff’s Position on the Phasing of Discovery

Plaintiff opposes bifurcation or phasing of discovery. Discovery concerning Plaintiff’s individual claim substantially overlaps with discovery relevant to class certification, including discovery concerning Defendant’s calling systems and technology, the campaigns in which those systems were used, call records, the source and assignment of telephone numbers, consent and lead-source information, and Defendant’s policies and procedures for determining which numbers would be called. Attempting to divide these subjects into “individual” and “class” discovery would create an artificial distinction, generate unnecessary disputes over which phase particular discovery belongs in, and likely require duplicative document production and depositions.

Nor are Defendant’s remaining proposed “Phase 1” issues meaningfully severable from class discovery. Determining how Plaintiff’s number was sourced, whether any person purportedly consented to calls to that number, whether the number was assigned to the intended customer or accountholder, and how the artificial or prerecorded voice was generated and delivered necessarily implicates the same vendors, campaigns, systems, databases, lead-source records, consent records, and calling records relevant to the proposed Class. Indeed, Defendant proposes to permit discovery concerning “how any lead was sourced” and “what technology was used to place and deliver the call,” while simultaneously seeking to defer discovery concerning the vendor, campaign, and records through which those facts would be established. That distinction is unworkable and would predictably generate disputes over whether particular discovery falls within Phase 1 or Phase 2.

Defendant’s reliance on *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021), is misplaced. Plaintiff does not assert an ATDS claim. Her claim arises from Defendant’s alleged use of an artificial or prerecorded voice, which is an independent basis for liability under 47 U.S.C. § 227(b)(1)(A)(iii), regardless of whether the equipment used to place the call qualifies as an automatic telephone dialing system. The Complaint and proposed Class are expressly premised on calls using an artificial or prerecorded voice. Accordingly, discovery into whether Defendant used an ATDS does not present a threshold issue capable of disposing of Plaintiff’s claim and provides no basis for staying class discovery.

Defendant’s proposed schedule also demonstrates why bifurcation would not promote efficiency. Defendant proposes that Phase 1 extend through January 29, 2027, followed by a February 26, 2027 deadline for any dispositive motion concerning Phase 1. Under Defendant’s proposal, class discovery would not even begin until the resolution of such a motion or, if no motion is filed, February 26, 2027. Yet the parties presently propose an April 30, 2027 discovery cutoff. Defendant thus proposes devoting approximately six months after the Rule 26(f) conference to discovery concerning a single Plaintiff and a single alleged call, while leaving approximately two months for discovery concerning the putative nationwide class. That allocation is particularly impractical because the class phase would necessarily involve the broader and more substantial discovery, including classwide calling records, systems and campaign information, consent records, third-party discovery, and Rule 30(b)(6) testimony. Moreover, Defendant’s proposal does not merely sequence discovery within the existing schedule; it effectively imposes

an open-ended stay of class discovery. Defendant proposes that class discovery remain stayed through the filing and resolution of any Phase 1 dispositive motion. Thus, even the February 26, 2027 date identified by Defendant is not a date on which class discovery would necessarily begin. If Defendant files a dispositive motion, class discovery could remain stayed well beyond the presently proposed April 30, 2027 discovery cutoff, necessarily requiring extensions of the expert, class-certification, and other case deadlines. That result would delay, rather than streamline, resolution of this action. A single discovery period is more efficient. Plaintiff therefore proposes that individual, merits, and class discovery proceed concurrently through April 30, 2027, with the parties addressing particular proportionality, burden, confidentiality, or sequencing issues as they arise rather than imposing a categorical stay of class discovery at the outset.

(c) Settlement. To facilitate the settlement conference requested in Item 10, the parties will confer regarding an informal exchange, subject to Fed. R. Evid. 408 and the protective order, of information sufficient to permit evaluation of the claims for settlement purposes.

(c) Settlement conference. Defendant proposes that a settlement conference be held in February 2027, whereas Plaintiff proposes holding one in June 2027 (see Item 10 above). Defendant believes that, by February 2027, sufficient discovery will have been exchanged to allow the parties to meaningfully negotiate. Plaintiff believes that settlement cannot be meaningfully evaluated until after issues relating to class certification are briefed in June 2027.

Dated: October 8, 2026

By: /s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

s/ Maximilian A. Julian
Maximilian A. Julian (0093728)
GERTSBURG LICATA CO. LPA
600 East Granger Road, Suite 200
Cleveland, Ohio 44131
Telephone: (216) 573-6000
Facsimile: (216) 920-9998
mjulian@gertsburglicata.com

*Trial Attorney for Defendant Office Beacon, LLC*

Han Pai (CA SBN 258928)
Subject to Admission Pro Hac Vice

Patty W. Chen (CA SBN 322992)
Subject to Admission Pro Hac Vice
SALISIAN LLP
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone: (213) 622-9100
han.pai@salisianllp.com
patty.chen@salisianllp.com

*Attorneys for Defendant Office Beacon, LLC*