**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANGELA MCDERMOTT,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cv-00826** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **OFFICE BEACON, LLC,** | : | |
| **Defendant.** | : | |

**PRELIMINARY PRETRIAL ORDER**

The Court conducted a telephonic preliminary pretrial conference on October 15, 2026. All parties were represented by counsel.

**Rule 26(a)(1) Initial Disclosures**

The parties have agreed to make initial disclosures by **October 23, 2026**.

**Jurisdiction and Venue**

There are contested issues related to venue or jurisdiction. Defendant has asserted and reserves its defenses that Plaintiff lacks standing (including standing to seek injunctive relief), that the Court lacks personal jurisdiction over Defendant, and that venue is improper

**Amendments to Pleadings and/or Joinder of Parties**

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **November 16, 2026**.

**Motions**

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

Plaintiff Angela McDermott brings this putative nationwide class action against Defendant Office Beacon, LLC under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant placed calls to cellular telephone numbers using an artificial or prerecorded voice without the recipients' prior express consent. Specifically, Plaintiff alleges that, on May 19, 2026, Defendant called her cellular telephone number from (424) 421-5172 and allegedly left an artificial or prerecorded message from an individual identifying herself as "Vivian from Office Beacon." Plaintiff alleges that she never provided her telephone number to Defendant, never consented to receive the call, and that the call was intended for someone other than Plaintiff. Plaintiff asserts a claim under 47 U.S.C. § 227(b) individually and on behalf of a proposed nationwide class of persons to whom Defendant allegedly placed calls using an artificial or prerecorded voice to cellular telephone numbers that were not assigned to Defendant's customer or accountholder. Plaintiff seeks certification of the proposed Class, statutory damages and injunctive relief.

Defendant denies wrongdoing and liability, and denies that this action may be maintained as a class action.

There is a jury demand.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

Defendant requested for phased discovery, with individual discovery to proceed prior to class wide discovery. Plaintiff opposed. At the conference, the Court heard argument and, upon

consideration of the parties' arguments and briefed positions, determined that expedited individual discovery shall proceed before class wide discovery. Accordingly, discovery shall proceed as follows:

Phase 1 of discovery is limited to discovery related to Plaintiff's individual claim. Phase 1 discovery shall be completed by **December 15, 2026.** For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

Any dispositive motions directed at those issues shall be filed by **January 29, 2027**.

The parties shall jointly move for a revised, proposed case schedule within **FOURTEEN DAYS** after a ruling on a Phase 1 dispositive motion, or, if no dispositive motion is filed, by **February 12, 2027**.

The parties do anticipate the production of ESI. The parties will draft an ESI protocol, if necessary, once discovery requests are issued.

The parties do intend to seek entry of a protective order or clawback agreement, and shall do so by **October 20, 2026**.

The parties shall use the Court's form protective order available on the Southern District of Ohio Website. The parties shall file a motion for a stipulated protective order and attach the signed, proposed protective order as an exhibit to the motion. Pursuant to Section III of Judge Shimeall's General Standing Orders on Civil Pretrial Procedures, if modifications are made to the form protective orders (other than changing time frames), the parties must email a Word version of the proposed protective order to the Court, as well as a redline version of the changes the parties made to the Court's form protective order at Shimeall_Chambers@ohsd.uscourts.gov. The parties

must provide in their email why the unique circumstances of their case require deviation from the Court's form protective order.

**Expert Disclosures**

The parties will submit a deadline for expert disclosures within **FOURTEEN DAYS** after a ruling on a Phase 1 dispositive motion, or if no dispositive motion is filed, by **February 12, 2027**.

**Dispositive Motions**

The parties will submit a deadline for dispositive motions within **FOURTEEN DAYS** after a ruling on a Phase 1 dispositive motion, or if no dispositive motion is filed, by **February 12, 2027**.

**Settlement**

Plaintiff shall make a settlement demand by **December 15, 2026**. Defendants shall respond by **January 5, 2027**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **February 2027**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**